UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE THE PETITION OF:
HARO, MAHAMUD M.,

Petitioner.

Case No. 18-cv-1197-RAJ

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Respondent United States of America's Motion to Dismiss. Dkt. # 8. Petitioner did not file a response. For the reasons set forth below, the Court **GRANTS** Respondent's Motion.

## II. BACKGROUND

On or about July 11, 2018, Petitioner filed a Petition for Naturalization in King County Superior Court. Dkt. # 1-2 at 1–2. Petitioner seeks to become a citizen of both the United States and the state of Washington. *Id.* at 2. The filing gives notice to the United States Attorney General, the Washington State Attorney General, the King County Superior Court Clerk, and the King County Superior Court. *Id.* As part of his application, Petitioner provides background information on his mother and father, both United States citizens, as well as various signed oaths and declarations. *Id.* at 2–7.

ORDER – 1

On August 15, 2018, Respondent United States of America filed a notice of removal, and then on August 24, 2018, Respondent filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. ## 1, 8. Respondent notes that a search of the United States Citizenship and Immigration Services ("USCIS") records revealed that Petitioner filed an application for naturalization (N-400) on January 26, 2015, which was denied on January 25, 2016. Dkt. # 9, ¶¶ 1-3. Petitioner did not file an appeal of the decision. *Id*., ¶ 4. Petitioner also filed an application for citizenship (N-600) on August 8, 2017, which was denied on November 13, 2017. *Id*., ¶¶ 5-6. Again, Petitioner did not appeal the determination. *Id.*, ¶ 7. Neither an application for naturalization nor certificate of citizenship for Petitioner is currently pending before USCIS at this time. *Id*., ¶ 8.

On September 17, 2018, Respondent Washington State Office of the Attorney General filed a response in concurrence to the motion to dismiss. Dkt. # 14. On September 20, 2018, Petitioner filed a motion to remand the proceedings to King County Superior Court. Dkt. # 15.

### III. LEGAL STANDARD

#### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union*

ORDER – 2

*High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

## IV. DISCUSSION

Respondent United States of America brings a motion to dismiss for lack of subject matter jurisdiction. As noted, a party may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *PW Arms, Inc.*, 186 F. Supp. 3d at 1142. Here, Respondent has filed a declaration from USCIS stating Petitioner has no applications for naturalization currently before, or recently decided by, the agency. Dkt. # 9, ¶ 8. Petitioner instead filed a petition in King County Superior Court. Dkt. # 1-2.

The Ninth Circuit has acknowledged that district courts no longer have jurisdiction to grant or deny naturalization applications. *See Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932-33 (9th Cir. 2007); *Teng v. Dist. Dir., U.S. Cit. & Immigr. Servs.*, 820 F.3d 1106, 1109 (9th Cir. 2016) ("The result of the [Immigration Act of 1990] was that, going forward, the federal courts effectively lost jurisdiction over naturalization proceedings."). The "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General," not the courts. 8 U.S.C. § 1421(a). Applications for naturalization must be submitted to USCIS prior to seeking judicial review. *See id.* §§ 1421(c) (judicial review after denial of application), 1447(b) (judicial review after delay in process). The facts currently before the Court do not permit the exercise of jurisdiction.

Because the Court lacks subject matter jurisdiction to determine the petition for naturalization, Respondent's Motion to Dismiss (Dkt. # 8) is **GRANTED** without prejudice. Petitioner's Motion to Remand (Dkt. # 15) is **DENIED** as moot.

ORDER – 3

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Respondent's Motion to Dismiss (Dkt. # 8) without prejudice. Petitioner's Motion to Remand (Dkt. # 15) is **DENIED** as moot.

DATED this 6th day of February, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4